UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHARLES SCOTT,

    Plaintiff,

    v.                                CAUSE NO. 3:19-CV-957-RLM-MGG

STATE OF INDIANA, et al.,

    Defendants.

## OPINION AND ORDER

Charles Scott is a prisoner in the LaPorte County Jail. Without a lawyer, he filed a complaint suing three defendants based on events related to how bond was set in his State criminal case. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Scott objects to how State Court Judge Michael S. Bergerson set bail in his criminal case. He objects to Judge Thomas Alevizos because he allows Judge Bergerson to improperly set bail. He says he's not suing either judge because they have judicial immunity. Instead, he is suing the State of Indiana for $9,000,000. The State of Indiana has Eleventh Amendment immunity which

generally precludes a citizen from suing a State or one of its agencies or departments in federal court. Wynn v. Southward, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action where Congress has abrogated the state's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. MCI Telecommunications Corp. v. Ill. Commerce Comm'n, 183 F.3d 558, 563 (7th Cir. 1999). None of these exceptions apply here. Congress didn't abrogate the States' immunity through the enactment of Section 1983. Joseph v. Bd. of Regents of Univ. of Wis. Sys., 432 F.3d 746, 748 (7th Cir. 2005). Indiana hasn't consented to this lawsuit. Mr. Scott is only seeking monetary damages, not injunctive relief, so the State of Indiana must be dismissed.

Mr. Scott also sues the City and County of LaPorte. Neither of them have any liability for how Judge Bergerson set bail in his criminal case, nor what Judge Thomas Alevizos permits Judge Bergerson to do. Neither Circuit nor Superior Court judges are employees of a city or county government – they are judicial officers of the State. Indiana Constitution Art. 7, § 1. Even if they did work for the city or county government, there is no general respondeat superior liability under 42 U.S.C. § 1983. Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009). Therefore, the City and County of LaPorte must also be dismissed. Mr. Scott mentions the Mayor of Michigan City in the body of the complaint, but he didn't name him as a defendant. Had he done so, he couldn't state a claim

2

against the mayor based on how his bail was set by a State judge in his criminal case.

Courts usually allow a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see* Luevano v. Wal-Mart, 722F.3d 1014 (7th Cir. 2013), that's unnecessary where the amendment would be futile. Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED on November 5, 2019

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT